IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HIRAM ALLEN CAMPBELL, | ) | |
| #286 938, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-661-WKW |
| | ) | [WO] |
| GOVERNOR ROBERT BENTLEY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending on a complaint filed by Plaintiff, a state inmate, challenging: 1) the conditions of confinement, including overcrowding, at the Decatur Work Release Center; 2) the constitutionality of the Alabama Constitution; and 3) the constitutionality of the Alabama Department of Corrections' work release program. In the complaint and by separate motion, Plaintiff seeks class certification. *Doc. No. 1* at 1-3 and *Doc. No. 2*. Specifically, Plaintiff requests he and the other inmate signatories to the complaint and domiciled at the Decatur Work Release Center be determined proper representatives of the class and be allowed to "bring this action on their behalf and on behalf of all other similarly situated natural persons [present and future] who are committed to the A.D.O.C. and incarcerated anywhere in the State of Alabama." *Doc. No. 1* at 2 and *Doc. No. 2* at 1. The court, therefore, considers these documents to contain a motion to certify class under Rule 23, *Federal Rules of Civil Procedure*. Upon consideration of the

motion to certify case as a class action, the court concludes this motion is due to be denied.

Plaintiff is a a *pro se* inmate unschooled in the law who seeks to represent the interests of all inmates who are incarcerated or who will be incarcerated in the Alabama prison system. Among the requirements which litigants must meet to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals. The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F.Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981).

The court finds the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications regarding any general claims for relief. Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*. The court further finds the questions of fact affecting the individuals who seek to represent the class should be tried on their own merits and the questions of fact common to the proposed class members - all current and future state inmates - do not predominate over such questions. Rule 23(b)(3), *Federal Rules of Civil Procedure*; *see also England*, 516 F. Supp. at 144 (denying *pro se* plaintiffs' request to certify action as a class action finding that "any declaratory relief granted ...

would likely inure to the benefit of other similarly-situated individuals" even absent grant of request for class certification). The court concludes that Plaintiff's motion to certify this case as a class action is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge:

1. That Plaintiff's motion to certify case as a class action (*Doc. Nos. 1, 2*) be DENIED; and

2. This case be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before July 25, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

    Done, this 11th day of July 2014.

                                        /s/Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES MAGISTRATE JUDGE